CHRISTY'S ADMINISTRATOR, Plaintiff in Error, v. HORNE *et al.*, Defendants in Error.

1. A notice given under the provisions of the revised code of 1845, (see R. C. 1845, p. 998, § 1,) by one who had executed a promissory note as a security to the person having the right of action thereon, to commence suit forthwith against the other parties to the note, naming them, is sufficient.

2. Although no notice may have been given to produce such instrument, evidence may be given of its contents.

3. In a suit upon a promissory note against A., B. and C., C. defended upon the ground that he was merely a security for A. and B., and had given notice to the plaintiff to commence suit forthwith against A. and B., which plaintiff had not done—C. examined the plaintiff upon interrogatories under the fifth section of the twenty-fourth article of the practice act of 1849 (Sess. Acts, 1849, p. 98). By one of these interrogatories, plaintiff was asked to state who was principal upon said note and who securities. In answer to this interrogatory, plaintiff stated that C. was principal, "for the reason that said note was given to secure the payment of the purchase money for a certain tract of land sold by said Christy, (plaintiff's intestate,) in his lifetime, to said C., &c." *Held*, that the reason thus assigned did not amount to *new matter* with section ninth of said article.

## *Error to Dade Circuit Court.*

This was a suit brought by Whitsett, as administrator of Bainbridge Christy, deceased, against Wm. Horne, Andrew Horne, and A. M. Horne, upon a promissory note executed by said defendants in favor of said Christy. A. M. Horne answered, admitting the execution of the note, and averring that he executed the same merely as security for William and Andrew Horne; that he caused a notice in writing (now lost) to be served on plaintiff, requiring plaintiff forthwith to commence suit against the said Wm. Horne and Andrew Horne, which said notice the said plaintiff entirely disregarded, &c. The court gave the following instructions to the jury: " 1. Unless the jury believe from the evidence that said A. M. Horne was only security to the note, and that he, after the action accrued, gave notice in writing to said Whitsett to commence suit forthwith against the principal debtor and all the other parties liable on said note, they will find for plaintiff. 2. It devolved on the defendant to prove that he gave notice in writing to Whitsett to bring suit against the principal debtor and all the other parties liable, and also that he was only security, and unless it has been so proved, they will find for the plaintiff the amount of the principal sum due and the interest."

The jury found for defendant. Plaintiff moved for a judgment notwithstanding the verdict, for the reason that defendant

had in his anwer confessed the execution of the note sued on, and confessed the action, and did not by his said answer or otherwise avoid said action; that the finding of the jury is no defence to the payment of said note. This motion was overruled. A motion for a new trial was also overruled.

*F. P. Wright*, for plaintiff in error.

I. The law is well settled that, where the plea (and under our code the answer) confesses the action, and does not sufficiently avoid it, judgment will be given upon the confession of the plaintiff, without regard to the verdict. (1 Chitty's Plead. 656; Roberts v. Dame, 11 N. H. 226; Staples v. Hayden, 2 L'd Raym. 921; 1 Salkeld, 173; Carthews, 370.)

II. In order to release a security, he must require in writing the person having the right of action to commence suit forthwith against the principal debtor and the other parties liable. Consequently, the answer, which admits the execution of the note, which avers notice requiring plaintiff to commence suit against two of the makers of the note only, is not sufficient. Defendant should have required in writing the person having the right of action forthwith to commence suit against the principal debtor and other parties liable. (Taylor v. Birch, 13 Ills. 376; Carer v. Howard, 8 Blackford, 190.) In attempting to pursue the statutory remedy, he has failed to comply with the statute, and his defence was unavailable.

III. The court erred in permitting in evidence the loose declarations of plaintiff as to the notice. The notice, or rather the requisition to sue, constitutes the essential and sole cause of defence. He attempts thereby to exonerate himself from the payment of the note. In such cases, secondary evidence of the contents of the notice are inadmissible, unless notice to produce the original has been given. (McFaddin v. Kingsbury et al., 11 Wendell, 667; Faubolt v. Ely et al., 2 Devereux, 67; Lanouge v. Palmer, 22 Com. L. R. 239; Grove et al., v. Ware, 2 Starkie, 174; Langdon v. Hulls, 5 Esp. 156.)

IV. The court erred in permitting defendant to give evidence

that he was only security. Plaintiff's answer to the interrogatory was a direct answer, and the reason which he gave for his belief was not new matter within the meaning of the statute.

*Napton & Otter*, for defendant in error.

I. Evidence as to the contents of the notice to sue was properly admitted.

II. The second point arises upon the exception to the explanation or answer given to the second answer of plaintiff to second interrogatory of defendant. This answer or explanation is allowed in conformity to the 9th section of 24th article of the practice act of 1849. It seems to conform to the letter and spirit of this action.

III. An exception was taken to overruling the motion for a judgment *non obstante*. The issue made up in this case was certainly not an *immaterial* issue; it was at most only *informal*. If the latter, the statute of jeofails cured it after verdict. The material point of fact alleged in the answer was notice to plaintiff to bring suit on the note, and notice that if suit was not brought, he would not be further responsible as security. The notice was in conformity to the statute. The omission in the notice to request suit to be brought against himself as well as against the principal, can not affect the validity of the notice in any substantial sense. The request or notice can not vary and is not intended to vary the existing responsibilities of all the parties to the note. A simple request to bring suit on the note is sufficient; but certainly a request to bring suit against the two principals, he being the only other party to the note and security, is all that is requisite. It seems to be a mere quibble to say that a notice which really apprizes the party of every thing which it is requisite for him to know, namely, that unless suit is brought forthwith against the two principals, he (the security) will be no longer responsible, is not a notice within the statute. But however this may be, there was certainly no ground for judgment *non obstante*. (2 Tidd Prac. 953.) The question then is, whether the notice pleaded and

proved was substantially defective. The notice was to bring
suit against all the parties to the note, except the party giving
the notice, and about him nothing is said. Is not this suffi-
cient? *Cui bono* include himself in the notice? If put in or
left out, wherein will such insertion or omission affect the inter-
est of any body interested in the note? It is impossible to see
any. It could not prevent suit or hasten suit against himself;
it could not affect his responsibility in any respect.

SCOTT, Judge, delivered the opinion of the court.

1. The notice to sue, as stated in the defendant's answer, is
sufficient. The objection to it is, that it requires suit to be
brought against Wm. Horne and Andrew Horne, whereas it
should have used the very words of the statute, and required
that the suit should be brought against *the principal debtor
and other parties liable*. This is a very nice objection, and
we see no force in it; nor any reason why the statute should
receive so strict a construction. In the case of Benton's adm'r
v. Lacy, (17 Mo. 399,) the words of the notice were, " will no
longer stand security for the principal debtor unless suit is
commenced and prosecuted according to the law." Though
that notice was liable to the same objection as that now urged,
yet the objection did not occur to any one. That notice was
held to be sufficient.

2. We do not consider that any notice, under the circumstan-
ces, was necessary to the plaintiff to produce the notice with
which he was served, requiring him to bring suit. The general
rule is, that notice, to produce a notice, is not necessary, and
the party may resort at once to parol proof of the contents of
the notice, unless it appear that higher evidence is in his pow-
er. (3 Cowen's Notes, 1198; 1 Greenl. Ev. § 561.) Here,
inasmuch as the plaintiff was specifically informed of the de-
fence on which the defendant relied, being his neglect to bring
suit after notice requiring him so to do, and as it was averred
in the pleading that the notice was lost, to permit him to insist

on a notice to produce the notice with which he was served would be to entrap the defendant. Under the circumstances, nothing was so natural as that the plaintiff should have the notice with him, if it was within his power, if he expected to gain any advantage from it. If it was not in his power, he sustained no injury by reason of the omission to give the notice.

3. Under the 5th section of the 24th article of the practice act, (see Sess. Acts, 1849, p. 98, § 5,) the defendant examined the plaintiff as a witness, exhibiting interrogatories to be answered. Among others was the following interrogatory: " State if you know who was principal on the Christy note, and who securities, if you know that either of them was security for the other ?" This was answered as follows : " I further state that said defendant, A. M. Horne, was principal in the said Christy note, for the reason that said note was given to secure. the payment of the purchase money for a certain tract of land sold by said Christy in his lifetime to said A. M. Horne. But I do not know who were securities in said note, nor do I know whether the said Wm. Horne and Andrew C. Horne, his brother, were securities in said note or not ; nor do I know whether they were or either of them was security for the other in said note." The defendant, conceiving that this was new matter relevant to the issue but not responsive to the interrogatory, filed an answer or explanation of the alleged new matter, denying its truth. This answer was read against the objections of the plaintiff. Now, whether the answer of the plaintiff contained such matter as would warrant the court in allowing the defendant to be a witness in relation to it is the question. It does seem that if the answer of the plaintiff be deemed to contain new matter, it would be an easy thing for a party, who wished to be a witness for himself, to obtain his end by filing interrogatories to be answered by his adversary. If the answer to the interrogatory put contained any thing but the monosyllable " yes" or " no," he would then claim the right to testify. The plaintiff was asked who was principal in the note. He answered, and gave the reason for his answer. If he be-

lieved a fact, he must have had some reason for his belief; and when he states why a fact is so, if the opposite party is permitted to controvert the reason, what is this but indirectly contradicting the answer itself. A party should not be permitted to answer in a way to make evidence for himself not responsive to the interrogatories; but we consider that when he is called to answer a question, and he does so, and gives the reason for his answer, and that reason is such as if true would warrant the answer; such reason can not be considered new matter within the 9th section of the 24th article of the act to which reference has already been made.

The objection in relation to the refusal of the court to enter a judgment notwithstanding the verdict has been answered in what was said in relation to the notice to bring suit. Reversed and remanded; the other judges concur.