BANK OF MISSOURI, Appellant, v. MATSON, Respondent.

1. Where the holder of a promissory note, at the request of a surety thereon, commences a suit by attachment against the principal debtor, and attaches property sufficient to make the debt, a voluntary dismissal of the suit will release the surety.
2. Although the writ of attachment in such case should be made returnable to the wrong term—as where, within fifteen days of the commencement of a term of court, the party against whom the writ issues is summoned to appear at such term—it will not thereby by rendered a nullity. (RICHARDSON, Judge, dissenting.)

*Appeal from Livingston Circuit Court.*

This was an action on a promissory note executed by defendant, Matson, and one Lennox, and endorsed to the Bank of the State of Missouri, the plaintiff. The defendant admitted the execution of the note, and set up as a defence to the suit

that he had signed the same as security for Lennox ; that plaintiff knew this fact ; that the plaintiff had, at the request of defendant, commenced a suit against Lennox, and in said suit had attached sufficient property to satisfy the debt ; and had afterwards voluntarily dismissed the suit. At the trial the defendant introduced in evidence against the objection of plaintiff the writ of attachment in the suit of the Bank of Missouri v. Lennox. This writ was issued March 20, 1849, and made returnable on the first Monday in April then next, being the second day of the month. The defendant also introduced evidence supporting the allegations of the answer as above set forth. The court, at the instance of defendant, gave the following instruction : " If the jury believe from the evidence that the defendant was only security for Lennox on the note in suit, and that plaintiff instituted suit by attachment in the Livingston circuit court against said Lennox on said note in the year 1849, and under said writ of attachment caused sufficient property to be attached to satisfy the debt evidenced by said note, and that plaintiff afterwards voluntarily abandoned said suit by attachment, and dismissed the same, they will find for defendant."

The court refused the following instructions asked by plaintiff: " 1. That the jury must find for plaintiff the amount of the note and interest, unless they shall believe from the evidence that the bank, at the time the note was assigned to her, knew that defendant was only a security for Lennox, or unless they believe that the bank had by attachment acquired the means of collecting the amount of the note of Lennox, and by voluntarily dismissing her suit, when it might by proper diligence have been sustained, lost the means of making the amount out of Lennox. 2. Though the jury may believe from the evidence that the plaintiff attached sufficient property of Lennox to satisfy the note and failed by her own negligence or want of diligence to make the money of Lennox, still they must find for the plaintiff one-half the note and interest unless they believe from the evidence that the bank at the time she took the note knew

that Matson, the defendant, had signed the same only as security for Lennox; and the burden of proving this fact rests on the defendant. 3. They must in any event find for plaintiff unless they believe from the evidence that the bank had acquired a lien upon the property of Lennox sufficient to satisfy the note; and if property belonging to Lennox had been attached and voluntarily released by her, but not sufficient to satisfy the note, then they must find for the plaintiff the balance of the note after deducting the value of the property attached and the costs of the attachment."

*Ewing* and *Harris,* for appellant.

I. The circuit court erred in permitting the writ of attachment to be read in evidence. It was absolutely void. (Saunders v. Rains, 10 Mo. 770; 5 Wend. 276; Rum v. King, 2 Johns. 190; Parsons v. Loyd, 3 Wils. 341; Shirly v. Wright, 1 Ld. Ray, 775; Bink v. Barnard, 4 Johns. 309; 3 N. H. 70; 12 S. & M. 470; 1 Serg. & Raw. 327; 3 Yerg. 282.) The writ being void, the plaintiff in the attachment could acquire no right in virtue thereof. It was not only his right but his duty to abandon the proceedings. But, admitting that the writ of attachment was valid, it is insisted that an attachment of the property of the principal is not like the levy of an attachment. The levy of an execution upon the property of the principal is a certain means of satisfying the debt to the amount of the value of the property levied on. There are many ways in which an attachment suit may be defeated which can not be foreseen by the plaintiff nor prevented by him, and he ought therefore to be allowed some discretion in prosecuting or abandoning his suit, and not be told that if he does not continue to prosecute his suit after success has become hopeless, thereby incurring additional liability for damages, he shall lose his recourse against the security. (See Montpelier v. Dueus, 4 Verm. 587; Baker v. Marshall, 16 Verm. 522; 5 How. 192; United States v. Simpson, 3 Pen. & Watts, 439; 14 Penn. 58; 13 Penn. 420; 3 Comst. 452.)

II. The court erred in rejecting the first and third instructions asked by plaintiff, also in giving the instruction asked by defendant.

*Prewett*, for respondent.

I. The writ of attachment was sufficient. If the writ was not in time for the first term, it was the defendant's duty to appear at the second term. (R. C. 1845, p. 809, § 1, p. 131, § 11.) It was not void. (Milburn v. State, 11 Mo. 188.) Whether the summons was valid or not, the *attachment* was good and an *alias* summons might have issued. (R. C. 1845, p. 135.) In Bland v. Schett, 5 Mo. 443, there was no clause of summons, yet the validity of the attachment does not seem to have depended upon that. In the subsequent case of Evans v. King, 7 Mo. 511, it was held that if the party appeared it was the same as if he was served. The attachment clause in the writ is for the purpose of levying on the property; the clause of summons for the purpose of getting the party into court. Suppose the party had appeared and pleaded to the merits; he could not then have objected to the summons. Could he not have objected to the attachment? He could not object to the attachment because the summons was not good, and yet not be permitted to object to the summons itself. The *attachment* is to bring the property under the custody of the law. When it has done this it is *functus officio*. The *summons* is to bring in the party. If it fails in this, an *alias* may issue, or in proper cases an order of publication. The attachment does not depend on the summons for its validity, but is effectual whenever the defendant is in court by summons, publication or appearance. Suppose the defendant had appeared and moved to dissolve the attachment because the summons did not require him to appear at the right time, would it not be an absurdity to dissolve the attachment and yet give a general judgment? (Whiting v. Williams, 5 Mo. 443.) So an attachment may issue upon a suit already brought.

II. The court did not err in giving or refusing instructions.

Bank of Missouri v. Matson.

NAPTON, Judge, delivered the opinion of the court.

In this case the bank relies on the nullity of the writ of attachment to show that no lien was acquired, and therefore that she was exempt from the operation of the rule that a creditor who gets a lien on the property of the principal debtor and voluntarily lets it go discharges the security. The question of diligence or negligence on the part of the bank is not in the case. That doubts may have been with propriety entertained in relation to the validity of this writ of attachment is quite manifest, and we should be very reluctant to hold the bank to a forfeiture of her security merely by reason of a wrong decision upon this point.

Few questions in a lawyer's practice could arise more embarrassing in their determination than such as require him to fix upon the line where a writ ceases to be a nullity and is merely erroneous. Decisions have fluctuated, and contradictory cases may be found. Neither ancient nor modern cases point out very clearly a rule by which such questions can be decided. I will briefly advert to some general principles which in my judgment ought to control the decision of such questions. Mesne process, whose object is notice, ought to be governed by different rules from final process; and the adjudged cases keep this distinction in view. Final process has been always construed with favor, where mistakes have no tendency to oppression. It is important that the officer should be protected, and that the purchaser under an execution should get a good title. The writ of capias, whether used as mesne or final process, has always been construed with strictness for obvious reasons which have no application to our writ of summons. A distinction may also reasonably obtain between writs issuing from courts of general and those emanating from courts of limited jurisdiction. There is sound policy in requiring justices of the peace to conform closely to the statutory power confided to them, not with reference to the mere forms of their proceedings, but with reference to the line of their jurisdiction. Writs

issuing from courts of record, where proceedings are more dilatory and are under the supervision of the judges, the bar, and the public, may properly be regarded with more leniency.

These considerations will probably show that the cases of Sanders v. Rains, 10 Mo. 770, and Milburn v. Gilman, 11 Mo. 64, are not conflicting. Neither of these cases is however decisive of the question here. The writ of attachment, although containing a clause of summons, and although usually and in this instance the commencement of proceedings, is really more nearly allied to final than to mesne process. It is substantially a writ of execution, except that it emanates at the beginning instead of the termination of a suit. Its object is to seize and hold property subject to the claims sued on and to satisfy them. The suggestion of the counsel for the defendant in this case, that the validity of the writ of attachment ought not to depend upon the validity of the clause of summons contained in it, is entitled to consideration. It may seem novel, and the statute makes the clause of summons an essential portion of the writ of attachment, but in effect they may be regarded as two separate writs, and with separate objects—the one directing the officer to seize property as a security for the creditor—the other directing the officer to advise the debtor of what has been done. Of course the court will not permit the property seized to be subjected to the payment of the debt, unless the debtor is legally advised of the proceedings; but it is not perceived why the invalidity or total nullity of the summons should necessarily make the attachment also a nullity. The summons is a constituent part of the attachment and may be conceded to be a mere nullity; yet it does not follow, for this reason alone, that the attachment is void, and the levy under it illegal, and the officer a trespasser. The defendant may appear, the writ may be amended, or a new summons issued. All this only tends to delay the creditor, not to oppress the debtor. If the property has been improperly attached, the statute has provided an ample remedy in the bond and security required of the creditor.

If the writ in this case had been a simple summons and made returnable sooner than the law authorized and a judgment by default was taken, the validity of such a judgment might be questioned. But that is not this case. The writ of attachment is made returnable at a day earlier than by law is warranted. Under this writ property is taken and the party defendant summoned. So far as the summons is concerned it may be regarded as a nullity, although we would not be understood as so deciding; and yet the remainder of the writ, under which the levy is made, does not necessarily fall with the summons. It is like an execution, and ought to be governed by the rules which are applicable to executions. An execution returnable at a day later than by law it should have been has been held only voidable. (Milburn v. Gilman, 11 Mo. 64.) To hold the attachment a nullity is to make the officer and all concerned in its levy trespassers. We see no injury which can result from considering the writ only voidable.

The instructions offered by the plaintiff, which sought to put to the jury the fact of diligence on the part of the bank, would have been appropriate, if any testimony on this subject had been submitted; but the bank offered no evidence on the subject. The plaintiff produced the writ of attachment and its levy; proved the voluntary dismissal by the bank, and that the bank had been verbally requested by the defendant to institute this suit; and there the testimony ended. The bank offered no evidence in rebuttal, but relied on the invalidity of the writ. The whole case turned upon this question in the court below, and no testimony brought up the question of diligence. Whether the bank acted with due diligence does not appear. Whether she was advised to pursue the course she took by her legal counsel—whether she communicated to the security the steps taken in dismissing the writ—whether any effort was made to amend or sue out a new writ — nowhere appears. *Prima facie* a case was made out against the bank. Her course might have been perfectly justifiable in dismissing an attachment, which was

certainly voidable and might have been on good grounds esteemed void; but the defence is not placed on these grounds. It was relied on that the writ was void, and we are not disposed to say that the writ was a mere nullity.

As to the knowledge of the bank that defendant was security at the time the note was given, it is not perceived how this circumstance has any bearing on the case, since it appeared that the bank was aware of this fact when the attachment was sued out. The instruction which put to the jury the hypothesis that the property secured under the attachment was insufficient to pay the debt was properly refused, as there was no evidence to warrant it.

Judge Scott concurring, the judgment is affirmed; Judge Richardson dissents, being of opinion that the writ of attachment was void.