DODD, Defendant in Error, v. WINN, Plaintiff in Error.

1. A release of one of several sureties by the creditors will discharge the the others only so far as the released surety would be bound to make contribution if the other sureties or any of them should pay the entire debt.
2. A., the payee of a promissory note obtained judgment thereon against B., one of five sureties; an execution under said judgment was levied on property belonging to B. sufficient to make the debt; A. ordered this execution to be returned unsatisfied; A. subsequently commenced suit against C., another of said sureties; *held*, that if all the sureties were solvent A. could recover of C. only four-fifths of the debt; if all the other sureties were insolvent, he could recover only one-half the debt of C.
3. If one of several co-sureties is insolvent, the other co-sureties will be bound to make contribution as among themselves as if the insolvent surety had not been a surety at all. (See R. C. 1845, p. 1000, § 8.)

*Error to Ralls Circuit Court.*

This was an action in favor of Levi Dodd against Isham O. Winn on a promissory note executed by David C. Glascock, M. McDonald, R. F. Richmond, Minor J. Winn, James G. Caldwell and said Isham O. Winn. The jury found the following special verdict: " We, the jury, find a special verdict as follows : On the 6th day of April, 1849, the plaintiff Dodd sued Minor J. Winn, on the same note now sued on, before the recorder of the city of Hannibal, the said Minor being one of the obligors in the note. Said Dodd recovered a judgment before said recorder against said Minor on the 6th day of April, 1850 ; and an execution was issued by said recorder on said judgment on the 11th day of April, 1850, and placed in the hands of the marshal of said city, and by him levied on a house in said city as the property of Minor J. Winn ; that said marshal advertised said house for sale under said execution, but did not sell the house, being ordered by the plaintiff's counsel to tear down the advertisements and return the execution "no property found ;" which he did ; and no execution has since issued on said judgment by the recorder. The jury further find as follows, that when the marshal levied on the house as aforesaid, a part of said house was owned by said Minor J. Winn, which part so owned by him was worth the sum of $137.50. Said house was standing on a piece of ground owned by Jeremiah Strode, who had leased it to said Minor J. Winn, with the privilege of taking off when he pleased any house he might erect thereon. Minor J. Winn had built the house in question on said lot, but had sold a part of it before the execution was levied as before stated. The jury further find that David O. Glascock was the principal in the note sued on, and that Minor J. Winn and Isham O. Winn were each securities for said Glascock."

The court rendered judgment on this verdict in favor of plaintiff for eighty dollars debt (four-fifths of the amount of the original note sued on), and assessed the damages for the detention thereof at seventy-six dollars.

*Lamb & Lakenan*, for plaintiff in error.

I. The plaintiff having levied upon a sufficient amount of property with his execution against M. J. Winn to pay his entire debt, and having afterwards voluntarily released said property, he thereby released each of the other co-securities from the debt. (See 7 Mo. 497; 24 Mo. 333; 26 Mo. 243; 16 S. & R. 252; 10 Paige, 16.) The co-securities may all have been solvent at the time of the release of the property from execution, and all may now be insolvent. The jury should have been required to find as to the solvency or insolvency of the co-securities.

*Porter & Harrison*, for defendant in error.

I. A creditor may discharge one security without discharging the other. The judgment below is not erroneous. (1 Sto. Eq. § 499; Rice v. Morton, 19 Mo. 263; 17 Mo. 399.)

RICHARDSON, Judge, delivered the opinion of the court.

The law is well settled that a valid agreement between the creditor and the principal debtor to extend the time of payment, or any improper interference by the creditor with the process of law after the commencement of a suit, by which the surety may be injured or subjected to greater risk, or be delayed in the right on payment of the debt to proceed against the principal, if made or done without the assent of the surety, will discharge him from his liability; (24 Mo. 333; 26 Mo. 243;) and the relation of principal and surety or of co-sureties is not extingushed by judgment. (Rice v. Morton, 19 Mo. 263.) A release of the principal will discharge the surety, but one surety may be discharged, without prejudice to an action against the others, to the extent that they would be liable in a suit for contribution between themselves. (Routon v. Lacy, 17 Mo. 399.) The creditor can not, by discharging one, increase the liability of the other; and he will not be allowed, by discharging one, to impose on the other a greater proportion of a common burden

than in equity he ought to bear. At law, if there are several sureties and one is insolvent and another pays the whole debt, he can only recover against the solvent sureties their *pro rata* part as if all of them were solvent; but the rule in equity is more just and reasonable, and the insolvent's share is apportioned among those who are solvent. (1 Story Eq. § 498.) The eighth section of our statute concerning securities provides that one surety at the suit of another shall not be liable to pay more than his due proportion of the original demand, but what is his due proportion will vary according to the circumstances. Thus, if there are three sureties, and all of them are solvent, and one pays the debt, each of the others will be liable to him for one-third of the amount only; but if one of them is insolvent, the other will be liable for one-half.

In this case it seems that Glascock was the principal debtor, and that the other five parties to the note were sureties. Now if all the sureties were solvent, and the defendant paid the debt, he could only require M. J. Winn to contribute one-fifth part of it, and therefore could only ask to have one-fifth abated, and could only complain of the conduct of the plaintiff in releasing the levy of the execution to that extent. But if the other sureties are insolvent, M. J. Winn would be bound to contribute to the defendant one-half instead of one-fifth of the debt; in which case, if the plaintiff had released to M. J. Winn, he could only demand of the defendant the other moiety; and, on principle, the same result must follow if he could have made half the debt but for his improper interference with the execution. These questions can not be determined from the meagre statement of facts in the special verdict. It does not appear whether the other sureties were solvent or not.

The statute authorizes this court to remand a cause when the facts in a special verdict are insufficiently found; ((2 R. C. 1855, p. 1301, § 35;) and the judgment then will be reversed and the cause remanded; Judge Napton concurring. Judge Scott not sitting.