A. VAUGHN, Defendant in Error, *v.* CHAS. A. HADEN *et al.,*
Plaintiffs in Error.

1. *Securities—Contribution.*—The makers of a promissory note who have signed the same as securities are liable to the holder for the full amount of the note. Secs. 7 & 8 of R. C. 1855, p. 1456, apply only to cases where one security is sued by his co-security.

*Error to Greene Circuit Court.*

*T. A. Sherwood,* for plaintiffs in error.

The declaration of law asked by plaintiffs in error should have been given. (R. C. 1855, p. 1456, § 8.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action brought by Vaughn against Haden and others to recover a balance due on a promissory note. Haden put in his separate answer, stating that he had signed

the note as security, and that he had paid his full proportion on the same.  The court gave judgment against Haden for the balance due on the note.

The only question is whether, under the statute, a security can release himself from the payee or holder of the note by paying a proportional part of the note; and we are referred to sec. 8, R. C. 1855, p. 1456, which reads as follows: "No such security shall be compelled in any action to pay more than his due proportion of the original demand; and when such security shall have previously paid any portion thereof, he shall be liable to pay only so much as the amount already paid by him falls short of his due proportion of the original demand."  If this section be taken in connection with what immediately precedes it, there will be little difficutly in understanding its meaning.  The 7th section of the same act provides that " when there are two or more securities in any such bond, bill or note, and any of them shall pay in money or property more than his due proportion of the original demand, such security may recover such excess, as herein provided for a security against the principal debtor."  Now, if you will insert after the word "excess" in this section the words "from his co-security," all difficulty at once vanishes; and without these words being understood, the section becomes meaningless and useless, for ample remedy has already been provided for the security against the principal debtor in sections 5 and 6, and the Legislature certainly did not intend to re-enact the same remedy over in section 7. This section, then, is intended to give a security a right of action against his co-security to recover any excess which he may have paid upon the original demand; and the words " such security," as used in the eighth section, refers to such security as may be sued by his co-security according to the provisions of section seven. · It has no reference whatever to an action brought by the payee or holder of the note or bill against the makers.  Their liability is both joint and several, and the statute referred to cannot operate to change or alter that liability.

The judgment is affirmed.   The other judges concur.