# J. C. SCHNEIDER v. THOMAS MANEY, Appellant.

**Division One, March 29, 1912.**

1. **SUIT ON JUDGMENT: Revivor: Release by Assignee.** The assignee of a judgment, which has been revived, and which is used as the basis of a suit by the assignee and introduced in evidence by him, cannot be heard to complain (1) that the memorandum of a release of one of the judgment debtors on the margin of the record signed by the clerk is mere hearsay, nor (2) that the release by himself as assignee of other judgment debtors was on the margin of the revived judgment, and not on the margin of the original judgment, nor (3) that the judgment of revivor was invalid because at the suit of himself as assignee.

2. ———: **Release of Part: Liability for Balance.** One of several joint obligors on an administrator's bond, is liable for the balance due on the judgment on the bond, after deducting the amounts paid by the other judgment debtors for their release. The assignee of the judgment has the right to recover of one of the judgment debtors the total amount due on the judgments against the principal and his sureties on the bond. That is true by force of Sec. 2769, R. S. 1909, which makes contracts that were joint by common law both joint and several, and Sec. 2772, which provides that a creditor may sue any one or more joint obligors.

3. ———: ———: ———: **Sec. 11278: Liability for Contibution Inter Sese.** Sec. 11278, R. S. 1909, providing that "no such surety shall be compelled, in any action, to pay more than his due proportion of the original demand; and when such surety shall have previously paid any portion thereof he shall be liable to pay only so much as the amount already paid by him falls short of his due proportion of the original demand," refers only to the liability of contribution between the sureties; it does not apply in a suit by the holder of the joint obligation against one or more of the joint obligors.

4.. ———: ———: **Release of Part: Amount Due Not Shown: Burden.** Where the assignee of three judgments on an administrator's bond against its principal and six sureties, sues one of the sureties on the judgments, and offers the judgments in evidence, showing an entry on the margin releasing five of the sureties, it is his duty to make known how much is due and unpaid on the judgments. That burden rests upon him because the proof of payment is peculiarly within his knowledge and control, and where that is the fact there is an exception to the usual rule concerning the burden of proof. Unless he shows the amount that has been paid, he is not entitled to any judgment.

Appeal from Buchanan Circuit Court.—*Hon. H. M. Ramey,* Judge.

REVERSED AND REMANDED.

*Brown & Dolman* for appellant.

(1) Plaintiff's petition is grounded, and his cause of action founded, upon a liability of the defendant to plaintiff upon the revivor judgments and not upon the original judgments. At the time the revivor judgment was taken plaintiff had no legal right to obtain such revivor in his own name, and the judgments so taken were null and void. Goddard v. Delaney, 181 Mo. 564; Bick v. Tanzey, 181 Mo. 515; Bick v. Robbins, 131 Mo. App. 673. The several causes of action set out in plaintiff's petition were founded upon the revivor judgments. The introduction in evidence, therefore, of the original judgments were, as stated in Bick v. Robbins, 131 Mo. App. 675, "entirely immaterial to the issue involved" and "may be regarded as surplusage in the case." (2) On the margin of the record of the original judgments, it appears that, for value received the same were released as to Philip Rogers and J. Francis Smith, defendants therein, and on the margin of the record of the revivor judgments on account of part payments on these judgments, the other joint defendants, except Maney, were released from all liability thereon. Whatever these joint defendants paid were paid in satisfaction of the judgments, at least *pro tanto.* Baird v. Given, 170 Mo. 302. Section 11278, Revised Statutes 1909, provides that "No surety shall be compelled, in any action, to pay more than his due proportion of the original demand," and in the absence of evidence that the sureties released in said judgments were insolvent, plaintiff in any event, in this action, would not be entitled to recover more from this defendant, and if the evi-

dence should disclose that these sureties had paid the entire judgment it is extinguished.    Nelson v. Webster, 68 L. R. A. 514; McDaniel v. Lee, 37 Mo. 204; Bank v. Kemble, 61 Mo. App. 215; Black on Judgments, sec. 995; Johnson v. Greve, 60 Mo. App. 170. If plaintiff received the full amount of said judgments there is no balance.    Lumber Co. v. McColgin, 63 Mo. App. 470.    (3)  Plaintiff must make out his own case; that is, that the whole of said judgments were due and unpaid, and when his own evidence discloses the fact that said judgments were paid as to four out of the five joint defendants, and the amount of such payments were peculiarly and solely within his own knowledge, the burden was upon him to prove the amount of such payments, and it was error to render judgment for the full amount of said judgments with interest. Browning v. Crowe, 43 Mich. 489; Robinson v. Robinson, 51 Ill. App. 317; Swinhart v. Railroad, 207 Mo. 423; Ellison v. Bowman, 29 Mo. App. 439.

*Charles F. Strop* and *Eugene Silverman* for respondent.

(1)  Appellant offered no evidence in support of the plea of payment contained in his answer.    Payment is an affirmative defense and must be pleaded and proved by the party asserting it.    Ferguson v. Dalton, 158 Mo. 323; Griffith v. Creighton, 61 Mo. App. 1.  (2)  Appellant does not complain in his motion for a new trial that the judgment was excessive. He cannot make such claim in this court without having first brought the matter to the attention of the trial court. State v. Bank, 144 Mo. 381; Glanton v. Dold, 109 Mo. 64; Weese v. Brown, 102 Mo. 299; Ridenhour v. Railroad, 102 Mo. 270; Alexander v. Relfe, 74 Mo. 495. (3)  As a matter of fact the judgments are not excessive.    The original judgments rendered October 3, 1893, aggregated $28,640.99.    The judgments in this

case rendered more than fourteen years later aggregated $36,834.12. The statements by the clerk of the court as to the release of Philip Rogers from the judgment was not in evidence and was hearsay only. The release of Lutz and others shown upon the margins of the revived judgments was from liability upon those judgments, which judgments appellant contends are void. The only release from the judgments sued on, considered in evidence, was the release of J. Francis Smith. There being six defendant sureties and one only being released, appellant was liable for five-sixths of the amount of the original judgments and interest, which at the date of judgment amounted to $50,970.67, five-sixths whereof amounts to $42,475.55. The judgments rendered against appellant were for the aggregate sum of $36,834.12. He clearly has no complaint as to the judgment being excessive. (4) There can be no pretense that appellant has paid anything upon these judgments or that any other person has paid anything for him. Under any theory respondent must recover judgment against appellant for one-sixth of the amount of the original judgments with interest.

VALLIANT, J.—This is a suit on three judgments, one in favor of Francis T. Conrad for $13,493.97, another in favor of Martha Clark for $7613.15, and the third in favor of Agnes Conrad for $7613.51, all rendered in the circuit court of Buchanan county, October 3, 1893, and all assigned to J. G. Schneider, the plaintiff in this suit. The judgments were founded on an administrator's bond executed by James Walsh, as principal, and six sureties, Lutz, Smith, Rogers, Ullman, Fuelling and the defendant in this suit, Maney. Before the assignment to Schneider the judgments were released as to Rogers, and after the assignment they were released by the assignee as to Smith. Afterwards, in 1895, the assignee sued out

a *scire facias* against Walsh, the principal, and the remaining four sureties who had not been released, and obtained a revivor of the judgments as to them. April 14, 1905, Schneider released the judgments as to all the remaining sureties except this defendant Maney, and on the next day brought this suit against Maney alone.

Defendant's answer was a general denial, the ten-year Statute of Limitations, and payment. On the trial the plaintiff introduced in evidence the three original judgments, the judgments of revivor, and the indorsements of assignments and releases on the margin of the judgment records. On each of the original judgments was an assignment thereof by the judgment plaintiff to George T. Hoagland and by him to J. G. Schneider, the plaintiff in this suit, a release of Rogers by Hoagland while he owned the judgments and a release of Smith by Schneider after he became the owner. The release of Rogers is in this form: "This judgment is released and satisfied as to defendant Philip Rogers, by the plaintiff. See papers on file in case No. 5049, June 30, 1894. S. D. Cowan, Clerk; by C. M. Thompson, D. C."

"This judgment released as to Philip Rogers only by George T. Hoagland, by release dated September 20, 1894, and filed with papers in case No. 5049, September 20, 1894. S. D. Cowan, Clerk; by C. M. Thompson, D. C."

The release of Smith is in this form: "This judgment is, for value received, released as to Francis Smith. J. G. Schneider, December 20, '95. Attest John T. Chestnut, Clerk; by A. Patton, D. C."

The release as to Lutz, Ullman, and Fuelling is written on the judgment of revivor and is in these words: "St. Joseph, Mo., April 14, 1905. For and on account of part payments made in this judgment by Ferdinand Lutz, Benjamin Ullman and Louis Fuelling, I hereby release them, and each of them from any

and all liability in this judgment.  J. G. Schneider. Attest: Ambrose Patton, Clerk." This was all the evidence introduced at the trial.

The court rendered judgment for the plaintiff against defendant Maney for $36,834.12, from which he appealed.

I. Respondent takes the position that the evidence shows the release of but one of the six sureties, Smith, and therefore the defendant is liable for five-sixths of what remains due on the original judgments, and he computes that on the date of this judgment there was due for principal and fourteen years interest on the three judgments $50,970.67, five-sixths of which would be $42,475.55, whereas the judgment rendered against the defendant was only $36,834.12, and therefore he has no right to complain.

As to the release of Rogers, respondent says the only evidence of it is the memorandum on the margin of the record of the judgment signed by the clerk and therefore it is mere hearsay. But respondent cannot object to that evidence on the ground that it was hearsay, because he introduced it himself. Besides the memorandum refers to a paper containing the release filed in another suit.

As to the release of Lutz, Ullman and Fuelling it is signed by respondent himself and attested by the clerk, but respondent says it is written in the margin of the record of the revived judgment and since the judgment of revivor was at the suit of himself as assignee it is invalid, because as assignee he had no right to have a judgment revived in his own name. That is not a very captivating argument. Although this release was written on the margin of the record of revival, yet it related not to the act of revival, but to the judgment that was revived. If respondent after obtaining money from those sureties for that release had thereafter sued them on the original judg-

ment, and they had pleaded the release and he had replied to them as he is now replying to this defendant, he would have put himself in a very indefensible position; it would have been equivalent to saying that in exchange for their money he had given them a shadow, not substance. A judgment of revivor is not the creation of an original judgment obligation, it is a recognition of the existence of the original judgment and a continuance of its life, therefore when Schneider signed the release saying that for the considerations received he released them from "all liability in this judgment" he and they understood that he released them from liability on the original judgment; if he intended otherwise he intended a fraud, which we will not presume.

II. It is immaterial, however, so far as the plaintiff's right of action against this defendant is concerned, whether the other sureties were released or not, because by force of our statute, section 2769, Revised Statutes 1909, contracts that were by common law joint are joint and several, and under section 2772 the creditor may sue any one or more of the joint obligors. Defendant would be liable, therefore, for the balance due on those judgments after deducting the amounts paid by the other sureties for their release.

Appellant refers to section 11278, Revised Statutes 1909, which is: "No such surety shall be compelled, in any action, to pay more than his due proportion of the original demand; and when such surety shall have previously paid any portion thereof he shall be liable to pay only so much as the amount already paid by him falls short of his due proportion of the original demand." That statute refers only to the liability of contribution between the sureties; it does not apply in a suit by the holder of the joint ob-

ligation against one or more of the joint obligors. [Vaughn v. Haden, 37 Mo. 178.]

Plaintiff therefore had the right to recover of the defendant Maney the total amount due on the judgments, whatever that may be, but the trouble with the case made by the plaintiff is that he made no proof of the amount due. If there had been no payment the judgments themselves would show the amount due, but the plaintiff's proof showed that there had been payments, yet failed to show to what amount.

Ordinarily payment is an affirmative plea and the burden of proof is on the defendant, but there are exceptions to that rule, and this is one. Where the proof of payment is in the exclusive knowledge and control of the plaintiff the burden is on him to produce it. The law is thus stated in 16 Cyc. 936: "Where the party who has not the general burden of proof possesses positive and complete knowledge concerning the existence of facts which the party having that burden is called upon to negative, or where for any reason the evidence to prove a fact is chiefly if not entirely within the control of the adverse party, it has been held that the burden of proof, meaning the burden of evidence, is on the party who knows or has special opportunity for knowing the fact, even in criminal cases, although he is obligated to go no farther than necessity requires." That is the doctrine of this court. [Swinhart v. Railroad, 207 Mo. 423.] The evidence introduced by the plaintiff shows that five of the six sureties against whom these judgments were rendered have made payments and been released; how much those payments amount to is a fact peculiarly within the knowledge of the plaintiff, but he has seen fit to give no statement thereof either in his pleading or proof. That is a matter not within the knowledge of the defendant. The principal in the bond is not sued and no reason is given for omitting him. Has he also made a payment? The plaintiff alone knows.

The plaintiff's attitude is this: He comes into court saying: Here are three judgments against the principal and six sureties which have been regularly assigned to me; payments have been made by five of the six sureties and they have been discharged; how much those payments amount to I know, but do not care to say, and I demand judgment against the remaining surety for the full amount of the judgments, principal and interest, less whatever sums he may be able to prove I received from his co-sureties. The law will not sanction a judgment obtained under that showing. Under the evidence adduced the plaintiff was not entitled to recover. The judgment is reversed. *Graves, P. J., Lamm* and *Woodson, JJ.,* concur, except they are of opinion that the cause should be remanded for new trial, and it is so ordered.