# E. U. SINGLETON, Respondent, v. H. C. SHEPHERD, Appellant.

### Kansas City Court of Appeals, February 7, 1917.

1. **PRINCIPAL AND SURETY: Release of One: Contribution.** There were two sureties on the bond of an insolvent principal. A judgment was rendered on the bond against all three for $2321. Afterwards one of the sureties settled his part of the obligation with the creditor for $500 and received a release which provided that his co-surety should not be discharged. About seven years afterwards this co-surety settled with the creditor for $1500, which including interest, was less than half the original demand. The latter surety then instituted an action against the former for contribution, on the ground that of the two payments to the creditor he had paid the greater part. It was *held* that having paid less than half of the original demand, he was not entitled to contribution.

2. **CONTRIBUTION: Sureties: Proportionate Part.** When there are several sureties each, as between themselves, owes his proportionate part, and one has no right to contribution from the others unless he has paid more than his proportionate part.

3. ————: ————: **Payment of Less Than Proportionate Part.** If one of several sureties settles the whole debt with the creditor though for a sum which is less than his proportionate part, so that no claim is left against the other sureties, he may have contribution from his co-sureties for their part of the sum he actually paid to the creditor in extinguishment of the debt against all of them.

4. ————: ————: ————: **Statutes.** The Statute on Sureties examined and authorities discussed.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED.

*Erasmus C. Hall* for appellant.

*Numa F. Heitman* for respondent.

ELLISON, P. J.—Plaintiff and defendant were co-sureties for one Robertson on his forthcoming bond in an attachment suit against him. Judgment was rendered in December, 1898, against all three for $2321.48, and it bore six per cent interest. Robertson was insolvent. Afterwards, in June, 1900, defendant paid the judgment plaintiff five hundred dollars for a release from the judgment "and from all liability therefor and obligation thereunder, without however releasing his co-obligors." About seven years afterwards this plaintiff, with knowledge of defendant's payment and release, paid the judgment plaintiff in the attachment suit fifteen hundred dollars " in satisfaction of the judgment." This payment, at that date, was *less* than the amount, with interest, due from plaintiff as his portion of the judgment.

Plaintiff's theory is that, including both his and defendants payments, the judgment was settled for two thousand dollars, of which he and defendant each owed one-half; and that since he paid five hundred dollars more, and defendant paid five hundred dollars less than one-half, the latter is liable to him in contribution.

Defendant's theory is that as between him and plaintiff, as co-sureties, each owed one-half of the judgment and that since the payment made by plaintiff was less than his portion of "the original demand," he had no right of action in contribution under the statute (Sec. 11277, R. S. 1909) which reads:

"When there are two or more sureties in any such bond, bill or note, and any of them shall pay, in money or property, more than his due portion of the original demand, such surety may recover such excess, as herein provided for a surety against the principal debtor."

Notwithstanding this statute reads that one surety can only recover of his co-surety what he has paid in excess of his portion of the "original demand," it is not meant that he may not have contribution if he compromises

or settles the original demand for less than its face; for he has aided his co-surety by wiping out a debt they both .owed. [Burrus v. Cook, 215 Mo. 496, 509; Stallworth v. Preslar, 34 Ala. 505; Sinclair v. Redington, 56 N. H. 146, 152.] In such instance it is not a prerequisite to a right for contribution, that the surety should have paid more than his portion "of the *original* demand." In practical effect, the sum paid in settlement, stands for, and in place of, the original demand.

So, notwithstanding plaintiff paid less than one-half of the judgment, if he had in fact thereby discharged, or settled, the whole of it, he could have held defendant in contribution for one-half of what he paid for the settlement. But he did not pay or discharge the judgment; he only discharged the balance of it remaining after defendant's payment, that is, that part of it which he, himself, owed; defendant having settled the other part long before.

Plaintiff places reliance on section 2777, Revised Statutes, 1909, which authorizes a creditor of two or more debtors, joint or several, to compound with either for such sum as he may see fit and release him "without impairing his right to demand and collect the balance of such indebtedness from the other debtors not so released: Provided that no such release shall impair the right of any debtor of such indebtedness, not so released, to have contribution from his co-debtors, as is by law now secured to him." That section does not aid plaintiff. In his situation there is no right of contribution "by law now secured to him." The section must be construed with section 11277, supra, which gives a right of contribution only to such surety who has paid "more than his due portion of the original demand."

The creditors act releasing defendant, released plaintiff also in so far as he was liable as a joint obligor for defendant's part, but left him still liable for his own part and when he settled that part, he did not pay "more than his due portion of the original demand;" he merely settled his own single obligation and paid nothing in "excess" of his own debt. He could not have been paying anything for defendant, since the latter had adjusted his part for

himself, which left nothing outstanding but plaintiff's part, and he, of course, has no right to ask contribution for payment of that for which, as between him and defendant, he had become solely obliged. Sureties on a note may be used in illustration of what we have said: One of two sureties gives notice to the holder to sue; if the holder fails to sue he releases the surety who gave the notice and he also releases the other surety as to that half, but the creditor does not release him as to his own part and when he pays such part, there is no right in contribution. [Routon v. Lacy, 17 Mo. 399, 401; Dodd v. Winn, 27 Mo. 501.]

Plaintiff insists that the statute has been construed in his favor by the Supreme Court in Schneider v. Maney, 242 Mo. 36, 42. That case has no application to this. It involved the rights of the creditor as against the sureties, while this case involves the rights of sureties as between themselves. It is decided in that case that the creditor may release one of two (or more) sureties and then sue the remaining surety and recover the entire balance of the debt. The statute also preserves the right for contribution to the party sued against the party released, but it does not enlarge that right, and since the right does not come into existence until the surety pays more than his portion (Sec. 11277, supra) which plaintiff has not done, it follows he has no right. The statute is first found in the revision of 1855 and State ex rel. v. Matson, 44 Mo. 305, was decided in 1869, and it is there held that the release of one surety will partly release the other, that is to say, to the extent of whatever the released surety would have been liable to him for in contribution. It being said in that case that "The discharge of one surety cannot be permitted to increase the liability of the others." [Citing Routon v. Lacy, and Dodd v. Winn, supra.] But the first of the latter cases was decided prior to the enactment of the statute and the other, though decided after the statute, is based on facts transpiring before. Whichever may be the correct view, Schneider v. Maney, supra, is the latest ruling of the Supreme Court on the question; but, as

stated, it is without application to the character of case before us.

The judgment is reversed. All concur.

## ON MOTION FOR REHEARING.

ELLISON, P. J.—Plaintiff's motion for a rehearing is but a re-statement of what he urged in his briefs and at the argument. It is without merit. He insists that we have overlooked the following authorities cited by him which he states directly control this case, viz: Stallworth v. Breslar, 34 Ala. 505; Werborn v. Kahn, 93 Ala. 201, and Boutin v. Etsell, 110 Wis. 276. We did not over look them. We cited the first one in the foregoing opinion, and we do not understand why he should consider either of them as favoring his view. They determine, as we have, that if one of several co-sureties compomises or settles the debt with the creditor for himself and his co-sureties, even though he pays a sum less than would have been his own share of the whole debt as between them, he may demand contribution from them. In each of those cases the plaintiff discharged the entire liability against himself and his co-sureties. In this case, plaintiff settled his own portion of liability but did not settle any of defendant's for the simple reason that defendant had done that for himself.

Each of two sureties owes the entire debt to the creditor and if he releases one he releases the other for one-half the debt; but, as between themselves, each owes one-half the debt and if one settles his half at a discount, we do not see why the other should ask him to come in and help settle the other half.

To the authorities cited in the foregoing opinion we add the following; Morgan v. Smith, 70 N. Y. 537, 541; Benedict v. Rea, 35 Hun (N. Y.) 34; Gross v. Davis, 87 Tenn. 226; Durbin v. Kuney, 19 Oregon, 71; Gordon v. Moore, 44 Arkansas, 349; Pegram v. Riley, 88 Ala. 399, 403; Fletcher v. Grover, 11 N. H. 368; Smith v. State, 46 Maryland, 617, 619; Ex parte Gifford, 6 Vesy 805; Davies v. Humphries, 6 M. & W. 153, 168; Ex parte Snowden

(1881), 17 Ch. Div. 44, 47; Cowell v. Edwards, 2 Bos. & P. 268; Browne v. Lee, 6 Barnes & Cress 689.

The text-writers seem all to agree on the question; Stearns Suretyship, p. 170, sec. 114; p. 522, sec. 286; p. 534, sec. 293; Burge on Suretyship, p. 386 (bottom); Smiths Principles of Eq., p. 329; 2 Parson on Notes & Bills, p. 253; 4 Pomeroy Eq. Jur., sec. 1418; 2 Beach Eq. Jur., sec. 822; 1 Brandt on Suretyship, secs. 279, 313.