Sam MACHCTINGER and Sidney Bleich,
Co-partners, doing business as Radonics
(Plaintiffs), Respondents,

v.

Oliver L. GRENZEBACH, doing business as
Clayton Appliance Company (Defendant),
Appellant.

No. 29050.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1955.

Not to be reported in State Reports.

Tom R. R. Ely, St. Louis, for appellant.

Melvin Friedman and Murray Steinberg,
St. Louis, for respondents.

FRANKLIN FERRISS, Special Judge.

Plaintiffs were partners and sued defendant for a balance on an open account alleged to be due them for merchandise delivered to defendant. The cause was submitted to a jury who returned a verdict for plaintiffs in the sum of $254.14 together with $35.58 in interest. Judgment was entered on the verdict accordingly and after moving unsuccessfully for a new trial, defendant appealed.

In lieu of a transcript of the record, the parties and the trial court signed an Agreed Statement of Case, in accordance with the provisions of Section 512.120 RSMo 1949, V.A.M.S. This document and Appellant's Statement, Brief and Argument were the only papers filed in the appellate court. The cause was submitted by appellant on his brief and taken on the record as to respondents.

■■ The only question briefed by appellant is whether the trial court committed error in giving Instruction No. 1, offered by plaintiff. This instruction was as follows:

"The Court instructs the Jury that if you find and believe from the evidence that plaintiffs furnished to defendant, at defendant's specific instance and request, or by and through his duly authorized agent, if any, but for the defendant, Oliver Grenzebach, certain goods wares and merchandise during the months of April and May, of 1951, and that there is a balance of $254.14 owing by defendant to plaintiffs, then your verdict should be for plaintiffs and against defendant for $254.14, together with interest, at the rate of 6% per annum from demand as shown by the evidence."

The point relied upon by appellant is that under the provisions of Section 510.270 RSMo 1949, V.A.M.S., "When a verdict shall be found for the plaintiff in an action for the recovery of money only, the jury shall also assess the amount of the recovery;" and that Instruction No. 1 was erroneous in that it stated and fixed the amount of the recovery.

In his brief defendant concedes that during the trial defendant's counsel admitted the veracity of plaintiffs' invoices, which were introduced in evidence as Plaintiffs' Exhibit "A." The total amount of these invoices was shown by plaintiffs' Exhibit "B" to be $334.16. While defendant has not conceded that this total was correctly added, neither has defendant charged that it was incorrectly added. Under these circumstances defendant's admission of the veracity of plaintiffs' invoices is tantamount to an admission that the gross amount due on the account, before payments thereon, was $334.16.

■ The real basis of defendant's claim of error in Instruction No. 1 is that the trial judge accepted as fact the plaintiffs' evidence as to the amount of the payments made on the account. This evidence consisted of paid invoices, marked plaintiffs' Exhibit "C" and totaling $80, which plaintiff Bleich testified constituted all the payments that were made on the account. Defendant's argument is that the truth of this testimony was at no point admitted by defendant; hence there was no agreement between the parties as to the net amount due; and so the trial court erred in instructing the jury that if they did return a verdict for plaintiffs, it should be for a balance of $254.14. In other words, defendant's position is that the jury were not required to believe plaintiffs' evidence that the payments on the account amounted to only $80. In support of this argument, defendant quotes from Baker v. Swearengin, 351 Mo. 1027, 1033, 174 S.W.2d 823, loc. cit. 826, as follows:

" 'Where a party asserts the affirmative of a proposition and proof of it is necessary to sustain his point, the truth and weight of his evidence, though uncontradicted, is for the jury.' State ex rel. Strohfeld v. Cox, supra, 325 Mo. [901] loc. cit. 908, 30 S.W.2d [462] loc. cit. 465."

Undoubtedly, the above quotation is a correct statement of the general rule, but the rule itself calls for two prerequisites: (1) a party must assert the affirmative of a

proposition, and (2) proof of it must be necessary to sustain his point. We have read and reread the Agreed Statement of Case, which by stipulation "constitutes the transcript on appeal," and we have found no statement therein as to what plaintiffs or defendant alleged in their respective pleadings regarding the matter of payment. Payment is made an affirmative defense by Section 509.090 RSMo 1949, V.A.M.S. A plaintiff is under no duty to allege non-payment of the obligation sued upon, and a defendant must affirmatively plead payment if it is to be made availing to defendant. Haycraft v. Haycraft, Mo.App., 154 S.W.2d 617, loc. cit. 621, 622; Emory v. Emory, Mo., 53 S.W.2d 908; Ferguson v. Dalton, 158 Mo. 323, 59 S.W. 88. Even if defendant did affirmatively plead payment, he would have the burden of proving it; and it would not be necessary for plaintiffs, even if they had alleged nonpayment, to prove it. See cases cited, supra. Of course, plaintiffs' evidence that $80 had been paid on the account constituted a binding admission pro tanto, but it did not shift the burden of proof from defendant to plaintiffs as to how much had been paid. Defendant introduced no evidence bearing on this issue of payment, and hence plaintiffs were entitled to a directed verdict on that issue. Gardner v. Linwedel, Mo.App., 192 S.W.2d 613, loc. cit. 617.

■ Defendant seeks to avoid the effect of the foregoing rules by arguing that defendant had no knowledge of the status of the account, that no statement had been submitted to him, and that it was therefore incumbent on plaintiffs to prove the amount due on the account. It is true that there is an exception to the general rule that the defendant has the burden of proving payment, the exception being that, "Where the proof of payment is in the exclusive knowledge and control of the plaintiff, the burden is on him to produce it." Schneider v. Maney, 242 Mo. 36, loc. cit. 43, 145 S.W. 823, loc. cit. 824. Haycraft v. Haycraft, supra. But there is no evidence in the record in this case that proof of payment was in the exclusive knowledge and control of plaintiffs. In fact, there is no evidence

as to who made the $80 payments that were made. And there is testimony in the record to the effect that a written statement of the account was mailed to defendant before the institution of suit. We conclude that the general rule regarding the burden of proving payment of an account applies to this case, and that therefore the two prerequisites to the application of the general rule stated in Baker v. Swearengin, supra, are not present.

Even if said prerequisites had been met, the aforesaid "general rule is not applicable in unusual situations where defendant in his pleadings or by his counsel in open court admits plaintiff's claim, or by his evidence also establishes plaintiff's claim * * *, or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim or an affirmative defense [citing many authorities]." Rogers v. Thompson, Mo., 265 S.W.2d 282, loc. cit. 287; and to the same effect, see Davidson v. St. Louis Transit Co., 211 Mo. 320, loc. cit. 359, 109 S.W. 583, loc. cit. 594, and Jackson v. Security Benefit Association, 235 Mo.App. 368, 139 S.W.2d 1014, loc. cit. 1021. In the instant case, plaintiff Bleich was the only witness who testified as to what payments had been made on the account, and there was no cross-examination of his testimony in this regard. Furthermore, although defendant's counsel did not in open court admit the payments on the account nor the balance due on the account, he stated to the trial judge, "We don't dispute the account. We say it was furnished to Vernon and they [plaintiffs] say it was furnished to someone else [defendant]." In this state of the record, we hold that defendant did not actually dispute the payments shown by plaintiffs' evidence to have been made on the account.

It follows that the trial judge committed no error in designating in Instruction No. 1 the balance of $254.14 as shown by plaintiffs' evidence.

Judgment affirmed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.