BANK OF MISSOURI, Respondent, v. MATSON, Appellant.

1. The voluntary dismissal of an attachment suit, commenced by an endorsee of a promissory note at the request of a surety on said note against the principal, in which suit an amount of property more than sufficient to satisfy the debt was attached, will discharge the surety.

*Appeal from Livingston Circuit Court.*

*Clark*, for appellant.

I. The facts set up in the appellant's answer were well pleaded, and if true formed a good defence to the plaintiff's action.

22—VOL. XXIV.

Bank of Missouri v. Matson.

No principle is better settled than that after a creditor has by agreement with the debtor, or by any legal process, got possession or control of sufficient property or means to satisfy his debt, and chooses not to retain them, but suffers them to pass into the hands of the principal debtor, the security is thereby released and can never be afterwards called on. (Ferguson v. Turner, 7 Mo. 498 ; Rice v. Morton, 19 Mo. 263.)

*Gardenhire*, for respondent.

I. This case is not within the principle of Ferguson v. Turner, 7 Mo. 497, or of Rice v. Morton, 19 Mo. 263. In both these cases the creditors had judgment and execution, an existing lien, and by active interference, destroyed it. That is not this case. Commencing an action with an attachment and dismissing it is no discharge. It may have been improperly brought, and dismissed for that reason, and for the purpose of bringing a proper action. The answers shows no fraud or agreement with the principal. A new action might have been immediately recommenced. In the case of the Bank of Montpelier v. Discar, 4 Verm. 587, it was expressly decided that a *voluntary* discontinuance of an attachment did not discharge the surety, and the same doctrine was reaffirmed in Baker v. Marshall, 16 Verm. 522, in a stronger case. In the absence of fraud and an agreement with the principal debtor, the creditor may be inactive if he chooses. He is not bound to commence an action, and having commenced it, he may dismiss it when he pleases. The same doctrine is recognized in Creath v. Sims, 5 How. U. S. 192. The answer does not show that the creditor received any consideration for dismissing the attachment, or put any limitation upon his right to proceed in a fresh action, if he chose. It was nothing more then, in principle, than an action on the part of the creditor, which, it is well settled, does not discharge the surety.

Ryland, Judge, delivered the opinion of the court.

The Bank of the State of Missouri at Lexington commenced suit in the Livingston Circuit Court, at the November term,

1856, against the defendant, upon a negotiable note endorsed to the Bank. The appellant appeared and filed to said action the following answer : " The defendant, for his amended answer to the plaintiff's petition in this cause, admits that he and one William Lennox executed the note sued on in manner and form as charged in the petition, but avers that he executed the same as security of the said Lennox, and that at the time said note was endorsed and received by the plaintiff, it was well known to plaintiff that this defendant was only a security on said note for said Lennox. Defendant further alleges that he never received from plaintiff any notice of the dishonor and protest of said note. Defendant further states that after said note became due, defendant having learned through rumor that the note in controversy had not been paid at maturity by the said Lennox as principal in said note, defendant dispatched an agent to plaintiff with instructions to inform the plaintiff that said Lennox, as principal in said note, had then in Livingston county, Missouri, sufficient property and effects out of which the amount of said note might be collected and coerced by immediate suit, and that there was great danger that said Lennox would dispose of his said property so as to avoid the payment of this and other debts that were then pressing upon him. Defendant further states that said agent, in compliance with his instructions, did communicate to plaintiff the information as last above mentioned, and that plaintiff, waiving the necessity of a formal written notice, by promptly acting on the information aforesaid, did, on or about the 20th day of March, A. D. 1849, by her attorney, commence in this court a suit by attachment against the said William Lennox, on the note here sued on ; that, by virtue of the writ of attachment issued in said suit by the clerk of this court, the sheriff of Livingston county, to whom the same was directed, seized and attached a large amount of property, consisting of land and personal property, of which said property he, the said Lennox, was at that time the owner, and which was ample and sufficient to satisfy the debt then and now sued on. Defendant further states that plaintiff

wholly failed to prosecute the said suit of attachment with due and proper diligence, but did at the aforesaid May term, 1849, of this court, by her attorney, *voluntarily* dismiss the said attachment suit, and did voluntarily authorize and consent that all of said property so seized and attached by virtue of the writ of attachment aforesaid, should be released and delivered up to said Lennox, which was accordingly done, and said Lennox in a short time thereafter became insolvent, and had since died insolvent. Wherefore the defendant alleges and claims that he is wholly exonerated and discharged from the payment of the note here sued on, and all and every part thereof, and asks for a judgment for his costs in this behalf expended."

The plaintiff moved the court to strike out the defendant's answer upon the ground that it contained no matter of defence to the plaintiff's action, which the court sustained, and ordered the answer struck out ; the defendant filing no other answer, the court gave judgment for the plaintiff for the debt and interest. The defendant moved to have the judgment set aside and for a new trial, which was refused, and the defendant has brought the suit to this court by appeal.

From the statement of this case, we are unable to distinguish it in principle from the doctrine laid down by this court in the case of Rice v. Morton, 19 Mo. 263. Here the plaintiff, the Bank of Missouri, brings her suit against the defendant as one of the makers of a negotiable promissory note. The defendant files his answer, stating in effect that he was security only, which was known to the plaintiff ; that upon the request of the defendant, the Bank commenced suit against the principal in the note and attached real estate of the principal, enough to satisfy the debt ; that afterwards the Bank dismissed this suit voluntarily, a d gave up its lien on the attached property. This matter is set up in discharge of the liability on the note. The court struck out this answer. This we consider as an error ; for, according to the principle of Rice v. Morton, the answer offered a good defence to the plaintiff's action. The defendant must be allowed to try his case on this answer, and

the Bank will then be allowed the opportunity of setting up any matter in reply to the *prima facie* case made by the answer. The authorities on the question here presented by the answer are many of them cited and commented on by the court in the case of Rice v. Morton, and it is thought unnecessary here again to cite them. We refer to the opinion in that case. The court below erred in striking out the defendant's answer. The judgment is reversed, and the cause remanded ; the other judges concurring.