KORSMEYER PLUMBING & HEATING COMPANY v. J. H. McCLAY ET AL.

FILED FEBRUARY 5, 1895.    No. 6349.

Bonds and Contracts of Builders: BREACH: LIABILITY OF SURETIES. It was stipulated in a contract for the erection of a county court house that the contractor should receive eighty-five per cent of the money earned thereunder, payable on monthly estimates; also "that in each case of payment a certificate shall be obtained by the contractor from the clerk of the county that he has carefully examined the records and finds no liens or claims against said work or on account of said contractor. Neither shall there be any lawful claims against the contractor in any manner, from any source whatever, for work or material furnished on said work." *Held*, A promise by the contractor to satisfy the lawful claims of laborers and material-men, and that the sureties on his bond for the faithful performance of the contract are liable for a breach of such condition. (*Lyman v. City of Lincoln,* 38 Neb., 794.)

ERROR from the district court of Lancaster county. Tried below before STRODE, J.

*Leese & Starling,* for plaintiff in error.

*Atkinson & Doty, Chas. O. Whedon,* and *Pound & Burr,* contra.

POST, J.

This was an action by the plaintiff in error in the district court for Lancaster county, against W. H. B. Stout,

as principal, and J. H. McClay, Louis Meyer, and J. H. Harley, as sureties, on a bond of the former to said county. Said bond is conditioned for the faithful performance by the principal of the provisions of a contract for the erection of a court house for the obligee thereof. A demurrer of the sureties to the petition was sustained by the district court, and the plaintiff refusing to plead further, the action was dismissed as to them, whereupon it was removed into this court for review upon allegations of error. The subject of the controversy is certain building material furnished by the plaintiff's assignors, F. A. Korsmeyer & Co., for use in the construction of said court house. The only question necessary to consider is whether there exists between the sureties in this case and the plaintiff's assignors such privity as would entitle the latter to recover against them on the bond.

It was stipulated in the contract that Stout should receive eighty-five per cent of the amount earned thereunder, payable on monthly estimates of the superintendent of construction; also, "that in each case of payment a certificate shall be obtained by the contractor from the clerk of the county, signed and sealed by said clerk, that he has carefully examined the records, and finds no liens or claims recorded against said work, or on account of said contractor. Neither shall there be any legal or lawful claims against the contractor in any manner from any source whatever for work or material furnished on said work." In *Lyman v. City of Lincoln*, 38 Neb., 794, the undertaking of the sureties was that "the contractors shall file with the board of public works receipts of claims from all parties furnishing materials and labor in the construction of said engine houses," and which was construed as a promise on the part of the obligors that the principal would satisfy the claims of laborers and material-men. In *Sample v. Hale*, 34 Neb., 220, it was said that the state, when engaged in the construction of public buildings, is chargeable with a

moral duty to protect persons furnishing labor and material therefor, and a recovery permitted against the sureties on a stipulation for the settlement in full of all claims for materials furnished or services rendered " so that each and all persons may receive his or their just dues in that behalf." This cause is clearly within the principle recognized in the cases cited, and must be governed thereby. It follows that the court erred in sustaining the demurrer to the petition, and in dismissing the action. The judgment will accordingly be reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.