M. M. READ v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

Laborer's Claim: PUBLIC IMPROVEMENTS: *Negligence—discharge of surety*. Code, section 3102, declares that every laborer shall have a claim against a public improvement for the value of his services not in excess of the contract price and that such claims shall be made by filing them with the proper officer within 30 days after the performance of the last labor. *Held*, that such statute did not give the laborer for the contractor for municipal street improvement a lien on the amount ultimately due the contractor, and his failure to file his claim as authorized by statute did not release the surety on the contractor's bond, given for the performance of the work and the payment of all claims for labor, etc., though, if he had pursued the statutory remedy, his claim would have been satisfied by the city.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, MAY 15, 1902.

ACTION against defendant as surety on a bond. Defense that the surety had been discharged by failure to enforce the claim against the principal. Trial to the court without a jury. Judgment for plaintiff. Defendant appeals.—*Affirmed*.

*E. D. Samson* for appellant.

*J. C. Macy* and *Woodin, Nichols & Ayres* for appellee.

McCLAIN, J.—The plaintiff holds, as assignee, various claims against one M. H. King, Jr., for services performed for said King in carrying out two contracts between him and the city of Des Moines for grading. When these contracts were made King executed a bond as to each, with the defendant as surety, undertaking to perform the work and pay all claims for labor and materials furnished for said work, and save the city of Des Moines harmless from any such liens or claims under the laws of the state of Iowa. Plaintiff's assignors did not file claims with the city, as they might have done under Code, section 3102, providing that every laborer shall have such claim against the public corporation constructing a work of public improvement for the value of his services, not in excess of the contract price to be paid for such improvement, and that such claims shall be made by filing them with the proper officer within 30 days after the performance of the last of the labor. It appears that, had these claims been filed, they could have been enforced against the city; for at the time of the completion of the work, and for 30 days thereafter, the city had funds due to King under his contract, which might have been applied to their payment. The question is whether, by failing to enforce these claims against the city while they might have done so, plaintiff's assignors released defendant as surety from its obligation to them on King's bond.

The creditor does not release the surety by not enforcing his claim as against the principal unless he fails in some duty assumed to the surety by the contract, express or implied, or fails to take the proper steps on being notified by the surety to sue as provided by statute, or fails to

preserve some lien or security which he has for the prin-
cipal's debt. It is on the third ground that the surety
seeks release in this case. But in this respect the duty of
the creditor towards the surety seems to be analogous to that
of a trustee holding some right to which the surety would be-
come entitled by way of subrogation if he should discharge
the debt. (3 Pomeroy, Equity Jurisprudence, section 1419;
2 Brandt, Suretyship, section 426. This right of the surety is
equitable in its origin, although it is available to him in ac-
tions at law. *Mayhew v. Crickett*, 2 Swanst. 185; *Watts v.*
*Shuttleworth*, 5 Hurl. & N. 235; *Law v. East India Co.*, 4
Ves. 824; *Naylor v. Moody*, 3 Blackf. 92. The creditor is not
bound to any active diligence in enforcing his claim against
the principal, for it is the debt of the surety also, but he must
not do any act injurious to the surety, or inconsistent with
the surety's rights. 1 Story, Equity Jurisprudence, section
325; *Rice v. Morton*, 19 Mo. 263, 284; *Cooper v. Wilcox*, 22 N.
C. 90 (32 Am. Dec. 695); *Caruthers v. Dean*, 11 Smedes &
M. 178; *Shannon v. McMullin*, 25 Grat. 211; *People v.*
*White*, 11 Ill. 341. The doctrine is thus stated in *Dye v.*
*Dye*, 21 Ohio St. 86, 93 (8 Am. Rep. 40): "The discharge
of the surety (by some act of the creditor) is based on some
recognized and well-defined principle, and in general re-
sults from a positive act of the creditor which operates to
the prejudice of the surety. Passiveness on the part of
the creditor will not discharge the surety, unless he omits
to do, when required by the surety, what the law or his
duty enjoins him to do, or unless he neglects, to the injury
of the surety, to discharge his duty in any matter in which
he occupies the position of trustee for the surety." As is
pertinently said in *Thornton v. Thornton*, 63 N. C. 211, the
creditor is not bound, for the benefit of the surety, to pro-
tect his "potentialities." In the application of the doc-
trine that the creditor is not charged with any active duty
in behalf of the surety to enforce payment of the claim
out of the property of the principal, it has been held that

the creditor is not bound to file his claim in case of the principal's insolvency [*Dye v. Dye*, 21 Ohio St. 86 (8 Am. St. Rep. 40)], nor to present it as a claim against the principal's estate after his death. *Jackson v. Benson*, 54 Iowa, 654; *People v. White*, 11 Ill. 341. If the creditor has acquired a lien, as by the levy of an execution or an attachment on the principal's property, then he cannot release it or abandon it without releasing the surety *pro tanto*. *City of Maquoketa v. Willey*, 35 Iowa, 323; *Bank of Missouri v. Matson*, 24 Mo. 333; *Ashby's Adm'x v. Smith's Ex'x*, 9 Leigh, 164; *Morley v. Dickenson* 12 Cal., 561; *Robeson v. Roberts*, 20 Ind. 155, (83 Am. Dec. 308). But the creditor is not bound to prosecute his claim to judgment against the principal before looking to the surety, nor even after taking judgment against the principal is he bound to follow it up by attempting to reach the property of the principal. *Chambers v. Cochran*, 18 Iowa, 159. And even where the creditor has a lien he is not bound to enforce it for the surety's protection. All that is required of him is that he do not release or abandon it. *Fuller v. Tomlinson*, 58 Iowa, 111. The foregoing illustrations are mentioned only in order to reach a definite starting point for the determination of the present controversy. Appellant relies especially on *Mingus v. Daugherty*, 87 Iowa, 56, where it is held that the failure of a landlord to pursue the remedy available to him under his landlord's lien until such security is lost will release a surety who is bound with the tenant for rent, and on cases cited in the opinion in that case, in which it is said to have been held that the failure of a creditor to make effective a chattel mortgage which he holds for a debt by having it recorded will release the surety; and on *Schroeppell v. Shaw*, 3 N. Y. 446, also cited in that case, in which it is said that for a creditor to omit an act necessary to render a security effectual is equivalent to a surrender thereof, and will discharge the surety. But the cases referred to fall far short of sustaining the appellant's contention in

the case before us.   Plaintiff's assignor's had no lien whatever on the fund which became due under the contract to King.   The strongest view of the case which can be taken is that plaintiff's assignors had a remedy, by pursuing which, as it turned out, they could have collected their claims, and this remedy was one not available to the surety.   But we fail to see that they owed to the surety any affirmative duty to avail themselves of this remedy. The case is different from that of the landlord, for the landlord has a specific lien, which attaches to the tenant's property and follows it, and is fully effectual until, by some act or omission of the landlord, the lien is lost.   It is also different from that of a mortgagee, who by failing to record, omits to preserve for the benefit of the surety the security offered by a chattel mortgage.   The claims of plaintiff's assignors never attached nor became a lien upon anything.  See *Whitehouse v: This Defendant*, 117 Iowa, 328. If they owed the duty which appellant argues, it was an original and affirmative duty to protect the surety by taking some action, not merely the negative duty of refraining from actual release, or of not omitting to preserve the supposed right.   Appellant also calls attention to *Ramsey v. Bank*, 2 Pen. & W. 203, in which it is held that a creditor having power to receive a part of his debt out of the estate of the principal debtor, who is deceased, releases the surety *pro tanto* by his failure to do so; but so far as that case seems to support appellant's contention, we have to say that it is contrary to the weight of authority.   See *Jackson v. Benson*, and *People v. White, supra.*—AFFIRMED.