E. I. DUPONT DENEMOURS POWDER COMPANY *vs.* CULGIN-PACE CONTRACTING COMPANY & others.

Hampden.   October 4, 1910. — October 25, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Lien*, From construction of public works.  *Contract*, Construction.  *Equity Jurisdiction*, To enforce lien.

By a provision of a contract made in 1907 between a city and a contractor as to the construction for the city of a dam, reservoir and intake tunnel for its water supply system, the contractor agreed " to furnish sufficient security by bond or otherwise for payment by the contractors and sub-contractors for labor performed, or furnished, and for materials used in said construction in accordance with the provisions of the Acts of 1904, chapter 349." The bond given by the contractor with a surety company as surety for the performance of the contract by the contractor contained the provision, that the contractor and the surety company and their successors bound themselves " to repay to said city any sum which said city may be compelled to pay to any contractors or sub-contractors for labor performed or furnished and for materials used in such construction under the provisions of the Acts of 1904, chapter 349." No other bond was

given to the city by the contractor.   One who furnished dynamite to the contractor, which was used in carrying on the work under the contract, upon the contractor's failing to finish the performance of the contract sought by a suit in equity to compel, the surety company to pay him for the dynamite.   A master, to whom the suit was referred, upon the foregoing facts found that the parties intended that the giving of the bond should be a compliance with the requirement of St. 1904, c. 349, to the effect that officers contracting in behalf of any county, city or town for the construction of a public work "shall obtain sufficient security, by bond or otherwise, for payment by the contractor and subcontractors for labor performed or furnished and for materials used in such construction."   *Held*, that by the reference to the statute in the contract and the bond the statute was incorporated therein with the same effect as if it were repeated, and that the plaintiff might maintain his suit.

One, who has furnished fuses to a contractor constructing a part of a city's water supply system under a contract with the city made in 1907, which were used to explode dynamite in doing blasting for the work and which were totally destroyed when used, may compel a surety on the bond given by the contractor to the city in accordance with the requirement of St. 1904, c. 349, as security for the payment by the contractor for labor performed or furnished and for materials used in such construction, to pay for the fuses so furnished.

BILL IN EQUITY, filed in the Superior Court on September 29, 1908, against the Culgin-Pace Contracting Company, which in 1907 made a contract in writing with the city of Springfield, another defendant, to construct a dam, reservoir and intake tunnel as a part of the city's water supply system, for the performance of which contract the Title Guaranty and Surety Company, the third defendant, was surety, seeking to compel the surety company to pay the plaintiff for certain materials furnished in connection with blasting done by the contractor.

Although answers were filed by all the defendants, no defendant except the surety company appeared at the hearings before the master or in this court.

The case was referred to E. H. Brewster, Esquire, as master. As to the use of the materials furnished by the plaintiff, he found as follows: "The holes in the rock were loaded with one or more sticks of dynamite; into these sticks are inserted caps 'attached to a fuse from four to six feet in length, which consists of a slow powder and a slow burning paper especially prepared for that purpose.   This fuse is ignited by a spark communicated to it through insulated wire which is connected with an electric battery stationed some distance from the charge.   The fuse being ignited, burns until the flame is communicated to the caps and explodes them, the explosion of the caps causing the dyna-

mite to explode. As a result of this process the dynamite and fuses are entirely destroyed. The insulated wire is stripped of its insulation for some distance and is rendered unfit for use again for the same purpose, but it is not entirely destroyed."

As to the intention of the parties in regard to the meaning of the provision in the bond as to St. 1904, c. 349, the master found:

"I find that said bond was accepted by the city and that the board of water commissioners, who represented the city and negotiated said contract with said contracting company and who accepted on behalf of the city the said bond, took no other bond or security whatever for the payment by contractors and subcontractors for materials used in the construction of the public work contemplated by the contract and that the members of said water board have no recollection of any negotiations with any person in regard to the kind of bond to be furnished or the provisions to be therein inserted. I further find that there was no provision in the contract authorizing or permitting the city to retain any part of the contract price for the purpose of paying, or securing payment for labor or material unless such authority is to be found in the provisions of the contract hereinbefore set forth.

"Except as the facts herein stated may tend to show it, no evidence was offered to show the intention of the parties in giving and accepting said bond, but from the situation of the parties, the nature of the work to be done under the contract, the provisions of the contract and the bond referring to the requirements of St. 1904, c. 349 (now section 23 of St. 1909, c. 514), as set forth in this report, and from the fact that the city took no other form of security for the payment by contractor for materials used in the construction of the work, I find, if it is material, that the parties hereto in giving and accepting said bond intended to comply with the requirements and provisions of said St. 1904, c. 349."

The master found that, if as matter of law the surety company was liable to the plaintiff upon its bond or by reason of St. 1904, c. 349, the plaintiff was entitled to recover for dynamite and fuses furnished, but that it was not entitled to recover for batteries, for materials used in repairing a battery, for thawing kettles, or for connecting wire, "for the reason that the plain-

tiff could not maintain a lien for such material if the works had belonged to private persons."

The case was heard by *King*, J., who reserved it for determination by this court.    Other facts are stated in the opinion.

The case was submitted on briefs.

*J. L. Doherty & W. G. Brownson*, for the plaintiff.

*C. G. Gardner & R. W. Stoddard*, for the Title Guaranty and Surety Company.

BRALEY, J.    The master, to whose report no exceptions were taken, finds that the Culgin-Pace Contracting Company, having made a written contract with the city of Springfield to build a dam, reservoir and intake tunnel, which upon completion were to become a part of the city's water supply, bought of the plaintiff and used in the contruction of the works the powder and fuses charged in the account annexed to the bill.    Before it was finished, but at what stage of completion is not stated, the contractor, apparently having become insolvent, abandoned the work leaving the plaintiff's claim unpaid.    The plaintiff, however, within sixty days of the abandonment having filed with the proper officers of the city a sworn statement of its claim for materials furnished, as required by St. 1904, c. 349, can maintain the bill for equitable relief if the bond given to the city by the contractor, and on which the Title Guaranty and Surety Company, the remaining defendant, is the surety, comes within the provisions of the statute.    *Friedman* v. *County of Hampden*, 204 Mass. 494, 506, 507.    *Kennedy* v. *Commonwealth*, 182 Mass. 480. It is contended by this defendant that the condition of the bond cannot be so construed.

By the terms of the contract the contractors agreed " to furnish sufficient security by bond or otherwise for payment by the contractors and sub-contractors for labor performed, or furnished, and for materials used in said construction in accordance with the provisions of the Acts of 1904, chapter 349." It is to be presumed that the attorney of the surety company who executed the bond in its behalf knew not only of the statute, but that this clause from the very terms employed was intended to be a strict compliance with it.    *Adams* v. *County of Essex*, 205 Mass. 189, 197.

Indeed, the master states that this was the purpose of the

parties, and that no other form of security was taken by the city. If we now examine the bond, the instrument, after having provided indemnity for the obligee if the principal failed to perform the contract according to the plans and specifications and to protect the city from the payment of damages, costs, and judgments in other specified cases, recites, "and the said principal and sureties hereby further bind themselves, their successors, heirs, executors and administrators jointly and severally, to repay to said city any sum which said city may be compelled to pay to any contractors or sub-contractors for labor performed or furnished and for materials used in such construction under the provisions of the Acts of 1904, chapter 349." By the reference, the statute is incorporated with the same effect as if its provisions had been repeated. *Derby Desk Co.* v. *Conners Brothers Construction Co.* 204 Mass. 461, 468, 469. The intention, that it should be applicable, is free from doubt, but if literally construed, the indemnifying promise with the statute omitted is meaningless when applied to the facts. No lien in favor of the plaintiff could attach to the land as against the city, nor could the city be compelled in an action of contract to pay a debt which it never contracted or authorized. To give the condition in question this restricted construction would nullify the effect of the reference and defeat one of the objects for which the bond was given. Such a construction ought not to be adopted, and the general purpose, having been expressed, is to be given full effect, and must control. *Morrell & Whiton Construction Co.* v. *Boston,* 186 Mass. 217. *Burr* v. *Massachusetts School for the Feeble-Minded,* 197 Mass. 357, 360. It is, of course, true, as the surety urges, that the plaintiff is not a party to the instrument, but the statute treats the bond as security for the payment of the debts of the principal where, in the application of the law relating to the subject, mechanics' liens would attach for either labor or materials if the owner of the realty were a private person, and confers upon the plaintiff an enforceable interest as if the bond were a fund created for its benefit. If because of other claimants who have the right of participation, and whose claims have been ascertained and established, the penal sum is insufficient to pay all parties in full, then they would share in proportion to the amount due to each. *Fried-*

*man* v. *County of Hampden*, 204 Mass. 494, 497.   R. L. c. 197, § 20.   *Sexton* v. *Weaver*, 141 Mass. 273, 278.   *Dahlborg* v. *Wyzanski*, 175 Mass. 34.

The bill, while framed to reach and apply so much of the security as may be necessary to satisfy the plaintiff's demands, also asks that the city may be ordered to pay the amount from a sum of money in its possession accruing under the contract, which the master reports is claimed by several litigants "in suits, claims and demands arising by reason of alleged liens and otherwise." The R. L. c. 25, § 57, makes the municipality liable only to a suit for labor performed upon public works. The plaintiff, whose debt is solely for materials, consequently has no cause of action against the city, and, if relief is granted on the first ground, is indifferent as to the second, and, the city also not having contested before the master or before us the plaintiff's right to have its claim satisfied under the bond, the master's further finding, that if the amounts involved in the other actions or claims are included, the aggregate exceeds the sum in the possession of the city, is immaterial.

The award of the master, while satisfactory to the plaintiff, is not wholly so to the surety company. It contends that the price of the fuses used to explode the dynamite was erroneously allowed. Yet the sticks of dynamite could not be exploded without the use of the fuses, and in the process both were entirely destroyed. If as defined in the case of *George H. Sampson Co.* v. *Commonwealth*, 202 Mass. 326, 333, 334, 335, gunpowder so used is "a material" within the meaning of our statute for which a mechanic's lien may be claimed, dynamite, and the fuse used to fire it, come within the definition.

The result is, that the plaintiff is entitled to a decree against the defendant the Title Guaranty and Surety Company for the amount found by the master, with interest and costs, the details of which are to be settled in the Superior Court.

*Ordered accordingly.*