HAAKINSON & BEATY COMPANY, Appellant, v. W. T. MCPHERSON et al., Appellees.

**BONDS:**   Performance or Breach—Right of Action in Third Party.
1   Third persons may *personally* enforce bonds *impliedly* given for their benefit.   In other words, a bond which, *without words of negation or exception*, undertakes to make good any loss suffered for the breach of a contract, carries a liability measured by what the contract expressly or *impliedly* requires.

PRINCIPLE APPLIED:   A contract provided that payments thereunder should be made in accordance with specifications then on file, and made a part of the contract.   The contractor knew that said specifications and the instructions to bidders required a bond *to protect subcontractors.*   The one for whom the work was done had the right, on making monthly payments, to demand evidence that all subcontractors *had been paid.*   The bond which was given provided that it should remain in force unless the contractor "shall in all respects fulfill his said contract according to the terms and tenor thereof, and shall faithfully discharge the duties and obligations therein assumed."   A subcontractor, who was not paid, personally sued on the bond.

*Held,* the contract contained a clear implication that the contractor should pay the subcontractor, and that the bond was a clear guaranty that the implication would be fulfilled.

**BONDS:**   Performance or Breach—Release of Surety.   A bond,
2   holden for the claims of subcontractors on public works, is not released because the claimant failed to file his claim with the public disbursing officer, as permitted by Sec. 3102, Code, 1897, —this, because such filing would not create a *lien* on, but a mere preference to, the fund due the contractor.

*Appeal from Sioux District Court.*—WILLIAM D. BOIES, Judge.

JANUARY 12, 1918.

Defendant McPherson contracted with Sioux County

to do certain bridge work. The appellant is a subcontractor, who furnished materials that went into said construction. The defendants other than McPherson became sureties on a bond running to the county. The appellant brought suit on the bond, and, because a demurrer to its petition was sustained, it appeals.—*Reversed.*

*Klay. & Klay,* for appellants.

*C. E. Gantt,* for appellees.

1. BONDS: performance or breach: right of action in third party.

SALINGER, J.—I. The trial court sustained the demurrer because it was its understanding that the ruling was compelled by *Green Bay Lbr. Co. v. School Dist.,* 121 Iowa 663. That case and *Hunt v. King,* 97 Iowa 88, and *Weller v. Goble,* 66 Iowa 113, merely declare the self-evident proposition that, where a bond does not run to a party, and undertakes no more than to indemnify the party to whom it does run, against breaches of contract, no one may recover on such bond except those to whom it runs. On the other hand, *Jordan v. Kavanaugh,* 63 Iowa 152, and *Baker & Co. v. Bryan,* 64 Iowa 561, declare the equally self-evident proposition that, no matter to whom a bond runs, if the contract which it secures contains a provision that certain things shall be done for parties not named in the contract, then a breach of that agreement gives these other parties the right to sue and recover upon the bond. Such parties are the real parties in interest. See *Home Sav. & Trust Co. v. Polk Dist. Court,* 121 Iowa 1; *Hipwell v. National Surety Co.,* 130 Iowa 656. This rule is applicable to contracts and bonds like the one here under consideration. Code, 1897, Sec. 3467; *Hay v. Hassett,* 174 Iowa 601; *Aetna Indemnity Co. v. Indianapolis M. & F. Co.,* 178 Ind. 70 (98 N. E. 706); *United States on Relation of Hill v. American Surety Co.,* 26 Sup. Ct. Rep. 168; 9 Corpus Juris

87. This is, of course, permitted where the contract has an express provision that the builder shall pay all just claims for material furnished. *Jordan v. Kavanaugh,* 63 Iowa 152; *Baker & Co. v. Bryan,* 64 Iowa 561. But it is not necessary that either contract, bond, or both show on their face that they are or cover an agreement to perform some act for the benefit of a third person, and that breach thereof is guar-anteed against. If the two papers, or others related and involved, fairly construed together, show an obligation on part of the contractor to pay the subcontractor for material put into the contract work, and the bond is an undertaking to make good any loss suffered for any breach of the con-tract, the subcontractor may sue and recover on the bond. *Hay v. Hassett,* 174 Iowa 601; *Jackson County v. Freeborn E. & C. Co.,* 174 Mo. App. 28 (160 S. W. 271); *Dupont De Nemours Powder Co. v. Culgin-Pace Cont. Co.,* 206 Mass. 585 (92 N. E. 1023); *Korsmeyer P. & H. Co. v. McClay,* 43 Neb. 649 (62 N. W. 50); *Lyman v. City of Lincoln,* 38 Neb. 794 (57 N. W. 531). The decision must turn upon the con-struction of the contract. *Baker v. Bryan,* 64 Iowa 561. So the sole question for us is whether what is alleged in the petition as amended, and what is referred to in these plead-ings, being confessed by demurrer, disclose that the parties named in the contract did make provisions that the con-tractor should pay materialmen. If there is such a provi-sion, then the contract is available to this plaintiff, who furnished materials as a subcontractor, and he may sue and recover on this bond in his own name.

The original petition alleges that a contract was made by the county and the defendant principal contractor, and that such contract is found in Exhibit A, attached to and made part of the petition. Exhibit A recites that the par-ties entered into contract on the 6th day of April, 1915; that payment shall be made "as set forth in specifications therefor," and that plans and specifications on file with the

county auditor, by true copy, "are a part of and the basis
of this contract." It is expressly stated that "this contract
shall include the 1915 state specifications of the State
Highway Commission, the specific contract, the contract-
or's bond, and the general and detailed plans." It is fur-
ther alleged that the completed contract was initiated by a
written notice to contractors. In an amendment to the
petition, the 1915 state specifications of the State Highway
Commission, referred to in Exhibit A, are set out, and one
of the provisions of these specifications is that "the suc-
cessful bidder shall be required to furnish a bond, issued
by responsible surety, approved by the board, and drawn
to protect the county *and any subcontractor.*" It is a fur-
ther provision of said State Highway Commission, speci-
fications that "this contract shall include the proposal, the
instructions to bidders, these specifications, the specific con-
tract, the contractor's bond, and the general and detailed
plans." The instructions to bidders referred to were in
writing. They exact once more that "the successful bidder
will be required to furnish a bond for 50% of contract price
issued by responsible surety, approved by the board, and
drawn to protect the county and any subcontractor." In
this amendment to petition, it is further set out that, when
this instruction to bidders was submitted to the contractor,
he wrote thereupon that he had carefully examined the
plans and specifications, and thereupon submits this bid,
and that he agrees to furnish a bond acceptable to the board.
We are not concerned with the rule that, where the speci-
fications and the bond conflict, the bond controls, because
it contains the last expression of the parties as to their
rights and liabilities; and that specifications do not con-
trol as to provisions in the contract which are not covered
by the specifications. *Aetna Co. v. Indianapolis Mortar &
Fuel Co.,* 178 Ind. 70 (98 N. E. 706). There is no inconsis-
tency anywhere; and the contract, instead of having a pro-

vision relied upon by the appellant which is not covered by the specifications, throughout makes the specifications a part and the basis of the contract. In fewer words, when a contract recites that specifications are a part and basis thereof, and those specifications provide that a bond given shall protect the county and any subcontractor, further provides for monthly proximate payments, and that the county can require the contractor to furnish a list of all persons furnishing labor or materials, "with evidence that such persons have been paid in full," there is a contract that the contractor shall pay the subcontractor in full. It may be conceded that, though this requirement be made, that, if the bond negatived responsibility for breach of such requirement, that, whatever the remedy of the subcontractor might be, it would not be a suit on the bond. That is to say, the fact that a bond *should* cover a specified breach of contract will not avail to obtain a recovery on the bond which, though it should have done so, does not contain such a guarantee. The question is academic, because the bond at bar excepts no provision in the contract. Whenever it is settled what the parties named in the contract agreed to do, it is settled what the sureties undertook to indemnify against. The language of the bond is not one of exception or negation. Its relevant part is that the bond shall remain in force unless the principal "shall in all respects fulfill his said contract according to the terms and tenor thereof, and shall faithfully discharge the duties and obligations therein assumed." One of the obligations which the principal assumed was that, as part of his contract, he was bound to pay the subcontractor, and to get a bond that would protect him. The sureties made a bond agreeing that they would pay what was lost if this provision was breached. In one respect, it was not breached. The contract to give a proper bond was fulfilled. It is an irresistible implication there was a contract promise and bond covenant that

the subcontractor shall be held harmless. It is not a naked agreement to give a bond to protect him though he had no rights under the contract. If no duty was owing him, there was no occasion to provide a bond to save him harmless. The only reasonable construction of the entire agreement is, first, that the subcontractor shall be paid; second, that a bond agreeing to save him harmless if not paid should be executed; third, that, if he was not paid, the bondsmen should respond. The bond has been furnished; the demurrer confesses the bondsmen have not paid the loss the subcontractor has sustained. It was, therefore, error to rule, by sustaining this demurrer, that they need not pay.

II. As to the failure of the parties to

2. BONDS: performance of breach: release of surety.

allege that plaintiff has filed his claim with any public officer of the county through whom payment of the contract price was to be paid, as is permitted by Section 3102 of the Code, we have to say that this failure will not defeat the rights of this plaintiff against these sureties. *Read v. American Surety Co.*, 117 Iowa 10; *Whitehouse v. American Surety Co.*, 117 Iowa 328.

The order and judgment appealed from must be reversed.—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur..